RECEIVED
JAN 1 4 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| G&G CLOSED CIRCUIT EVENTS LLC | CIVIL ACTION NO. 6:12-3052 |
| VERSUS | JUDGE REBECCA DOHERTY |
| RIVALS SPORTS GRILL LLC, ET AL. | MAGISTRATE JUDGE PATRICK HANNA |

### MEMORANDUM RULING

Currently pending before the Court is a motion for default judgment [Doc. 8], filed by plaintiff, G&G Closed Circuit Events LLC ("G&G"), against defendants, Rivals Sports Grill, LLC, Douglas Guillory, and Lori Guillory.[1] For the reasons stated herein, judgment is entered against defendants for damages, reasonable attorney's fees, and costs.

### Factual and Procedural Background

Plaintiff is a distributor of closed circuit pay-per-view sports and entertainment programming. [Doc. 1, ¶ 8; Doc. 8-7, ¶ 3] Plaintiff held the exclusive nationwide commercial distribution and broadcast rights to *Strikeforce: Nick Diaz v. K.J. Noons II*, telecast nationwide on Saturday, December 4, 2010. [Doc. 1, ¶ 20] Plaintiff marketed the sub-licensing of the broadcast to commercial establishments throughout North America, including the State of Louisiana. [Id. at ¶ 21] Prior to the fight being broadcast, plaintiff instituted a nationwide program designed to identify commercial establishments which pirated plaintiff's programming, including *Strikeforce*. [Doc. 8-7, ¶ 5] In support of this effort, plaintiff retained auditors and law enforcement personnel to identify

---

[1]According to plaintiff, Douglas and Lori Guillory are members of Rivals Sports Grill, LLC d/b/a Rivals Sports Grill. [Doc. 8-2, p.6, id. at n. 12]

1

establishments that unlawfully exhibited the fight. [Id. at ¶ 6]

According to the complaint, defendants did not purchase the rights to exhibit *Strikeforce*. [Doc. 1, ¶ 21] On the night of the event, one of plaintiff's auditors, Orlando D. Wallace, visited Rivals Sports Grill for approximately one hour, during which time he observed the unlawful exhibition of *Strikeforce*. [Doc. 8-4, p.1] According to the affidavit of Mr. Wallace, there were eleven televisions in defendants' establishment, and four of those televisions were showing *Strikeforce* upon Mr. Wallace's entry. [Id.] Mr. Wallace further states he did not have to pay a cover charge, the capacity of defendants' establishment is approximately eighty to one hundred people, there were twenty-four patrons at 10:13 p.m., twenty-nine patrons at 10:40 p.m., and twenty-five patrons at 10:52 pm. [Id.]

Plaintiff filed the instant Complaint on December 10, 2012, asserting violations of Section 605 of the Federal Communications Act of 1934 ("Unauthorized publication or use of communications"), and Section 553 of the Cable Communications Policy Act of 1984 ("Unauthorized reception of cable services"). 47 U.S.C. §§ 605, 553. [Doc. 1, pp. 7, 9] On February 14, 2013, defendants were served with summons and copies of the complaint, but they have failed to appear in this matter to date. [Doc. 4] On May 20, 2013, plaintiff filed a Request for Clerk's Entry of Default; the following day, the Clerk of Court filed a Notice of Entry of Default. [Docs. 6, 7] On August 22, 2013, plaintiff filed the instant Motion for Default Judgment. [Doc. 8]

## Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(a), a default judgment is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . . ." Obtaining a default judgment requires a three-step process. First, "[a] default occurs

2

when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Once the default is established "by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the default has been entered by the clerk, plaintiff may apply to the clerk or the court for a judgment based on such default.[2] Fed. R. Civ. P. 55(b); *New York Life* at 141.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Jackson v. FIE Corp.* 302 F.3d 515, 524 (5th Cir. 2002). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, a defendant's default alone does not warrant entry of a default judgment; rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")

Rule 55(b) grants a court discretion to convene an evidentiary hearing on the issue of damages. Fed. R. Civ. P. 55(b)(2)(B). Where "the amount claimed is a liquidated sum or one capable of mathematical calculation," a hearing is not necessary. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). "The court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum."

---

[2] "[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir.2001) (quoting *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1203 (10th Cir.1986)). The Court has reviewed the return of service and the pleadings in this matter and concludes it has personal jurisdiction over defendants and subject matter jurisdiction over the claims.

*Richardson v. Salvation Army, Southern Territory, USA*, 161 F.3d 7 (5th Cir. 1998). The Court finds in this matter a hearing is not necessary on the issue of damages, as the Court finds the damages here are readily capable of mathematical calculation from Plaintiff's affidavits, thus making an evidentiary hearing unnecessary.[3] The amount of attorney's fees and costs is also readily calculable from Plaintiff's attorneys's affidavit, making an evidentiary hearing similarly unnecessary on that issue.

## Analysis

Plaintiff alleges defendants violated the Federal Communications Act and the Cable Communications Policy Act, by "intercept[ing] G&G's exclusive closed circuit transmission of a boxing match and related programming without paying G&G's fee for the transmission." [Doc. 8-2, p.1; *see also id.* at 2] More specifically, in Count I of the complaint plaintiff asserts a cause of action pursuant to 47 U.S.C. § 605 ("Unauthorized publication or use of communications")[4], and in Count II asserts a cause of action pursuant to § 553 ("Unauthorized reception of cable services"). [Doc. 1, pp. 7, 9]

---

[3] Plaintiff does not request a hearing on its motion, and implies a hearing is unnecessary. [Doc. 8-3, p.1]

[4] In somewhat confusing fashion, plaintiff characterizes the allegations in Count I as follows: "Violation of Title 47 U.S.C. Section 605 . . . and 18 U.S.C. section 2511. . . ." [Doc. 1, p.7]  47 U.S.C. § 605 prohibits the unauthorized publication of radio transmissions, whereas 18 U.S.C. § 2511 prohibits the unlawful interception or disclosure of unlawfully intercepted "wire, oral, or electronic communication." 47 U.S.C. § 605(a); 18 U.S.C. § 2511(1). *See also, DIRECTTV, Inc. v. Minor*, 420 F.3d 546, 548 (5th Cir. 2005); *DIRECTTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). However, in its complaint, plaintiff seeks damages only under § 605. [Doc. 1, ¶ 28, pp. 11-12 (prayer)] (Likewise, in its memorandum in support of default judgment, plaintiff does not argue for an award of damages under 18 U.S.C. § 2511. [Doc. 8-2, p.4]) Accordingly, the Court will treat Count I as solely asserting a claim pursuant to 47 U.S.C. § 605.

As stated by the Fifth Circuit, "The legislative history associated with section 553 and . . . section 605 reveals that one of Congress's principal objectives was to discourage theft of cable services." *Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001). "To that end, Congress articulated a variety of penalties and remedies to 'protect the revenue of television cable companies from unauthorized reception of their transmissions.'" *Id.* (quoting *Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.*, 98 F.Supp.2d 958, 961 (N.D.Ill. 2000)).

Section 553 provides in pertinent part, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Section 605 provides in pertinent part, "No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). Section 605's prohibition against the unauthorized interception of any "communication by radio" includes the unauthorized interception of "any satellite cable programming," where the satellite programming is encrypted, and "an agent or agents have been lawfully designated for the purpose of authorizing private viewing by individuals. . . ." *Id.* at § 605(b). Stated more simply, for present purposes section 553 prohibits the unauthorized interception of cable services, whereas section 605 prohibits the unauthorized interception of satellite communications. *See e.g. Joe Hand Promotions, Inc. v. Lee*, 2012 WL 1909348, *3 (S.D. Tex.).

To prevail under either statute, "Plaintiff need only show (1) that the Event was shown in Defendants' Establishment, (2) that the Event was shown without authorization by Plaintiff, and (3) that Plaintiff was the exclusive licensee." *J & J Sports Productions, Inc. v. El 33, LLC*, 2013 WL

164521, *3 (W.D.Tex. 2013); *see also J & J Sports Productions, Inc. v. Q Café, Inc.*, 2012 WL 215282 (N.D.Tex.); *Zuffa, LLC v. Trappey*, 2012 WL 1014690 (W.D.La.). In this matter, the pleadings and evidence submitted in connection with the pending motion establish: (1) *Strikeforce* was shown at defendants' establishment, (2) *Strikeforce* was shown without authorization by plaintiff, and (3) plaintiff was the exclusive licensee of *Strikeforce*.[5] [Docs. 1, ¶¶ 8, 11, 20-23; 8-4; 8-7]

The courts are divided as to whether and to what extent section 605 applies to actions involving theft of cable services carried over coaxial cable. *Compare United States v. Norris*, 88 F.3d 462 (7th Cir.1996) (finding section 605 does not apply to theft of cable services carried over coaxial cable, but it does apply to interception of cable transmissions as they travel through the air), *accord Charter Communications Entertainment I, DST v. Burdulis*, 460 F.3d 168 (1st Cir. 2006), *accord TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196 (3rd Cir. 2001), *accord Cablevision of Michigan, Inc. v. Sports Palace, Inc.*, 27 F.3d 566 (6th Cir. 1994); *with International Cablevision, Inc. v. Sykes*, 75 F.3d 123 (2d Cir.1996) (concluding section 605 applies to theft of cable service carried over coaxial cable). The Fifth Circuit has recognized this split of authority, but has yet to decide the issue. *Prostar* at 673-74.

---

[5]Plaintiff devotes a substantial portion of its brief arguing defendants Douglas Guillory and Lori Guillory are "vicariously liable" for Rivals Sports Grill's exhibition of *Strikeforce*. [Doc. 8-2, pp. 4-9] Because sections 605 and 553 expressly prohibit assisting third parties in intercepting or receiving unauthorized radio and cable communications, there is "no need to introduce concepts of vicarious liability into § 605 actions." *ON/TV of Chicago v. Julien*, 763 F.2d 839, 843 (7th Cir. 1985); *Joe Hand Promotions, Inc. v. Chapa*, 2009 WL 2215124, n.2 (S.D.Tex.); *J & J Sports Productions, Inc. v. Live Oak County Post No. 6119 Veterans of Foreign Wars*, 2209 WL 3049226, *4 (S.D.Tex.). In this matter, by their default, Douglas and Lori Guillory have admitted they violated sections 605 and 553. Nothing more is required to demonstrate their liability.

In this matter, plaintiff has not identified, in its complaint or the pending motion, whether defendants obtained the unauthorized communications via coaxial cable or satellite, likely because it has been unable to engage in discovery regarding that issue, due to defendants' failure to appear in this case. However, in plaintiff's memorandum in support of this motion, the only damages plaintiff specifically requests fall under section 553. [Doc. 8-2, p.4] As plaintiff has failed to address damages pursuant to section 605 in its briefing, the Court finds liability should be imposed only under section 553 in this matter.[6] The Court further finds any damages awarded under section 553 in this matter are sufficient to compensate plaintiff. Finally, the Court notes that although courts disagree as to whether liability under sections 553 and 605 overlap, numerous district courts within the Fifth Circuit have found that the remedies under sections 553 and 605 are not cumulative. *See e.g. J & J Sports Productions Inc. v. Papania*, 2010 WL 1191807, *2 (W.D.La.); *J & J Sports Productions, Inc. v. Mandell Family Ventures, LLC*, 2012 WL 4757694, (N.D.Tex.).

## Damages

Section 553(c) grants a "person aggrieved" by a violation of § 553(a)(1) a private right of action, *see* 47 U.S.C. § 553(c)(1), and further provides:

(2) The court may –

---

[6]The Court additionally notes in its complaint, plaintiff states:

> Despite the existence of two separate and distinct federal laws . . . some federal courts have held that a successful plaintiff may only receive damages under one of those laws [*i.e.* 47 U.S.C. §§ 553, 605] but not both. G&G asserts its claim under both sets of federal laws, but if the Court should find that the violations stated above occurred under one or the other statutes cited or that G&G may only recover one set of damages, then to that extent, G&G's claims should be considered as alternative claims. G&G does not seek double damages.

[Doc. 1, ¶ 34] Again, the Fifth Circuit has yet to address whether recovery under both sections for the same action is permissible. *Prostar* at 673; *see also supra* p.6.

. . . .

>  (B) award damages as described in paragraph (3); and
>
>  (C) direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.

47 U.S.C. § 553(c)(2).

Section 553(c)(3) permits the court to award either "actual damages," or "statutory damages." *Id.* at § 553(c)(3)(A)(i) and (ii). Plaintiff herein requests statutory damages.[7] Section 553(c)(3) provides in pertinent part, "the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just." *Id.* at § 553(c)(3)(A)(ii). According to the affidavit of plaintiff's investigator, the capacity of defendants' establishment is approximately eighty to one hundred people. [Doc. 8-4] According to the affidavit of G & G's President, the sublicensing fee for *Strikeforce* was based upon the capacity of the establishment. [Doc. 8-7, ¶ 8] For an establishment with a capacity of 51 to 100 people, the commercial sublicense fee would have been $1,600.00. [*Id.*; *see also id.* at p.9] "To determine the amount of statutory damages, '[t]he Court finds it reasonable to treble what would have been the cost had Defendant followed the law.'" *J & J Sports Productions, Inc. v. Rodriguez*, 2013 WL 3967833, *2 (W.D.Tex.)(alterations in original)(quoting *Joe Hand Promotions, Inc. v. Garcia*, 546 F.Supp.2d 383, 386 (W.D.Tex. 2008)(An award of damages for three times the amount of the lawful sub-license fee accounts for "money saved by not complying with the law, as well as any profits made from food and drink sales associated with customers who stayed and watched the fight.")); *see also Joe Hand Promotions, Inc. v. Contreras*, 2013 WL 1222099, *2 (W.D.Tex.)

---

[7]Because defendants have failed to appear, there is no evidence available as to "actual damages."

Accordingly, the Court awards plaintiff $4,800.00 in statutory damages.

Plaintiff additionally seeks enhanced damages pursuant to section 553(c)(3)(B), which provides: "In any case in which the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory . . ., by an amount of not more than $50,000." *Id.* at § 553(c)(3)(B). Based upon the factual allegations contained in the pleadings in this matter, as well as the evidence submitted in connection with the pending motion, the Court finds defendants' violation of § 553 was committed willfully and for purposes of commercial advantage. [Doc. 1, ¶¶ 9-18; Doc. 8-7, ¶¶ 9, 13, 18] Therefore, the Court finds plaintiff is entitled to $14,400.00 in enhanced damages for this willful violation. *See e.g. J & J Sports Productions, Inc. v. Beck*, 2013 WL 5592333, *3 (S.D.Tex.)(awarding three times the base amount of damages for willful violation, where no cover charge was imposed, approximately 30 persons watched the event, and there were no allegations defendant was a repeat offender); *accord Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp.2d 769, 777 (S.D.Tex. 2002).

Plaintiff additionally seeks an award of attorney's fees, in the amount of $2500.00. [Doc. 8-3] The Court declines to award attorney's fees because of insufficient support in the record, particularly as to the time involved in handling this matter. *See* LR 54.2; *see also Joe Hand Promotions, Inc. v. Bonvillain*, 2013 WL 5935208, *3 (E.D.La.).

### Conclusion

In light of the foregoing, plaintiff G&G Closed Circuit Events, LLC's Motion for Default Judgment [Doc. 8] is GRANTED. Plaintiff is awarded $4,800.00 as base damages pursuant to 47 U.S.C. § 553(c)(3)(A)(ii), and $14,400.00 in enhanced damages pursuant to 47 U.S.C. § 553(c)(B).

A separate judgment in favor of Plaintiff shall issue in accordance with Fed. R. Civ. P. 58. Plaintiff is additionally awarded costs pursuant to 47 U.S.C. 553(c)(2)(C) and shall file a Memorandum of Costs in the form required by the Clerk of Court within fourteen days of entry of the Judgment. *See* LR 54.3.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __14__ day of January 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE